UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

vs

ANTHONY ANDERSON

Case No. 1:12mj349

DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

Part I - Findings of Fact

Alternative Findings (A) 18 U.S.C. § 3142(e)(2)

☐ (1) The defendant is charged with an offense described in § 3142(f)(1) and has previously been convicted of ☐ a federal offense  ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed; that is:

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

   ☐ an offense for which the maximum sentence is death or life imprisonment

   ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.[1]

   ☐ a felony committed after the defendant has been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

   ☐ any felony that is not a crime of violence but involves:
      ☐ a minor victim
      ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*) or Chapter 705 of Title 46

☐ a failure to register under 18 U.S.C. § 2250.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the:☐ date of conviction ☐ defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos.(1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (B) 18 U.S.C.§ 3142(e)(3)

☑ (1) There is probable cause to believe that the defendant has committed an offense

☑ for which a maximum prison term of ten years or more is prescribed in 21 USC 841(a)(1);

☐ under 18 U.S.C. § 924(c); 956(a) or 2332b;

☐ listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ under Chapter 77 of Title 18 for which a maximum term of imprisonment of 20 years or more is prescribed; or

☐ involving a minor victim under 18 U.S.C. § 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, or 2425.

☑ (2) The defendant has not rebutted the presumption established by finding (1) that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (C) 18 U.S.C. § 3142(e)(1)

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Statement of the Reasons for Detention

For the reasons more particularly stated on the record in open court at the detention hearing, I find that the testimony and information submitted at the detention hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that: the defendant poses a serious risk of flight and danger to the community. He has been convicted previously of 2 federal offenses for distribution of drugs (1992 + 2006) and has state court convictions for drug abuse and theft. He was also on supervised release for a federal conviction when the alleged instant offense occurred.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with the defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

Date: 10/16/12

Karen L. Litkovitz
United States Magistrate Judge